THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* DELLA HARTWELL, Appellant.

*Receiving stolen property — an indictment therefor may allege its theft from different or from unknown persons — liability of a wife whose husband steals or brings home the property alleged to have been received.*

An indictment, charging the defendant with receiving stolen property, knowing it to have been stolen, is not demurrable, upon the ground that it states more than one offense, because it alleges that the property in question was stolen from different persons, nor, it seems, is it necessary that the indictment should state the names of the persons from whom the property was stolen.

A wife, whose husband either stole the property or brought it upon the premises occupied by the husband and wife, may be convicted of the offense of receiving the stolen property, when it appears that the wife knew that the property was stolen and that she was in no way coerced, but intended to enjoy the benefits of the theft.

The fact that the principal witness for the People in a criminal action has presided at the same term of the court, on the trial of a case preceding the trial of the indictment, does not constitute a legal ground for the reversal of a conviction under the indictment.

MERWIN, J., dissented.

APPEAL by the defendant, Della Hartwell, from a judgment of the County Court of the county of Chenango in favor of the plain-

tiff, rendered on the 7th day of April, 1900, convicting her of the crime of feloniously receiving stolen property knowing it to have been stolen; also from an order denying the defendant's motion for a new trial, and also from an order entered in said clerk's office on the 26th day of March, 1900, overruling her demurrer to the indictment and directing the clerk of the court to enter a plea of "Not Guilty."

The indictment under which the defendant was convicted is as follows:

"The Grand Jury of the County of Chenango. in the State of New York, by this indictment, accuses William M. Campbell, Wellington Barber, Della Hartwell and Lovisa Marvin of the crime of ' Knowingly Receiving' stolen property, committed as follows, to wit:

"That the said William M. Campbell, Wellington Barber, Della Hartwell and Lovisa Marvin on or about the 5th day of January, 1899, at the town of Smyrna, in the County of Chenango and State of New York, committed the crime aforesaid, by wrongfully, unlawfully and feloniously receiving stolen property consisting of articles of personal property, to wit:

"Teaspoons, bedding, horseblankets, ladies' clothing, dishes, lamps, curtains, portiers, a new one-horse harness, a newmarket wrap, and many other and various articles of personal property to the Grand Jury aforesaid at this time unknown, and which said property belonged to and was the property of John E. Smith, G. Wells Smith, Mrs. Abbie Lewis, Horace J. Newell and of other persons the names of whom are at this time to the Grand Jury aforesaid unknown, and which said articles of personal property had been wrongfully, unlawfully and feloniously appropriated in such a manner as to constitute larceny from the above-named John E. Smith, G. Wells Smith, Mrs. Abbie Lewis, Horace J. Newell and other persons to the Grand Jury aforesaid at this time unknown, by such property having been taken from the possession of said above-named persons, they being the true owners thereof, with the wrongful, unlawful and felonious intent of depriving such true owners of their said property as described aforesaid, and which was so taken and appropriated by one Frank Hartwell and other persons whose names are at this time to the Grand Jury aforesaid unknown, and which said wrongful act

or acts of so taking and appropriating said property was committed in the County* of Chenango and Madison, and State of New York, and after having been so taken and stolen as aforesaid, the above-named William M. Campbell, Wellington Barber, Della Hartwell and Lovisa Marvin, in the said town of Smyrna, in the County of Chenango, N. Y., knowing the same property to have been stolen concealed, with-held and aided in concealing and with-holding such property, well knowing at the time that same had been stolen as aforesaid, and so wrongfully appropriated, same in such manner as to constitute larceny, with such wrongful, unlawful and criminal intent received and aided in concealing and with-holding such property at the place occupied by said Frank Hartwell, in the said town of Smyrna, on the 5th day of January, 1899, and at other places in said County of Chenango, N. Y., to the Grand Jury aforesaid at this time unknown.

" All of which was done contrary to the provisions of the statutes of the State of New York, in such case made and provided."

*H. C. Stratton.* for the appellant.

*Wordsworth B. Matterson.* for the respondent.

KELLOGG, J.:

The disposition by the County Court of the demurrer, I think was proper. The indictment, read as a whole, charges the defendant with others with having on or about the 5th day of January, 1899, feloniously received stolen property, knowing it to have been stolen. The articles are described and the persons named from whom the same were stolen. This is sufficiently specific, and it does not make the charge demurrable because these articles are stated to have been stolen from different persons. The receiving is charged to have been at one time, and only one offense is alleged in the indictment. The offense sought to be charged is for the receiving, not for the stealing. The stealing from different persons constituted separate offenses, but the receiving the product of these separate offenses when received at one time is but a single offense.

The appeal from the judgment brings up the whole record of the trial in the County Court for review here, and counsel for appellant

---

* *Sic.*

has carefully pointed out the matters in the record which he claims amount to reversible errors. It is urged that improper. testimony was received. The case shows that defendant objected to the testimony of witness Abbie C. Lewis. The indictment charged that some of the articles received were stolen from this witness and it became necessary for the People to prove such stealing. This would seem to dispose of the objection made to this testimony.

Witness Newton, after stating that he found some silver knives and forks subsequent to the arrest of defendant, was asked where. This was objected to and he was allowed to answer. It appears that these knives and forks were offered and received in evidence over defendant's objection and were shown to bear marks similar to other like articles found in the box about which there is some evidence that defendant had knowledge.

The testimony of Newell in regard to the theft from him of a harness subsequently found in the house which defendant occupied was admissible on the grounds that made the testimony of Abbie Lewis admissible. So, also, was the testimony of Lucretia Rosebrook, although she is not one of those named in the indictment as a person from whom the property was stolen except under the general language " and of other persons the names of whom are at this time to the Grand Jury aforesaid unknown," but the charge of receiving stolen property is properly stated, I think, even if the name of the person from whom stolen is not given in the indictment and may be proven upon trial, but the objection does not call the attention of the court to this point. This testimony in any event, as also the testimony of. Jacob G. Reese and Courtney E. Ferris, was competent on another ground, as. being some evidence of guilty knowledge of the theft of the property actually found in the possession of defendant. (*Copperman* v *People*, 56 N. Y. 591; *Coleman* v. *People*, 58 id. 555.)

The husband of this defendant stole the property, or at least brought the stolen property upon the premises occupied by the husband and wife. It was all stolen and brought there between September fifteenth and January fifth. It was all apparently, at some time after it came, upon the premises where the defendant could see it. Considering their circumstances in life and the actions of the husband, the manner in which this unusual assortment of property

came to the house in which defendant lived, her intimate relations with the husband and knowledge of his affairs and needs might properly all be taken together as bearing on the defendant's knowledge that when she received some of this property she knew it had all been stolen.

While the prosecution of the wife of a thief under the circumstances disclosed in this record is unusual, the Criminal Code does provide for it. It is not difficult to see how a jury became convinced that the defendant well knew that all this property had been stolen by her husband; that she was in no way coerced; that she intended to enjoy the full benefit of the theft and so far as she was able protect the thief against discovery and punishment. I do not see how the jury could have found otherwise upon this testimony unless they had exercised a prerogative which does not belong to any other branch of the court and had been moved by charity and sympathy to a verdict of acquittal because of the sex of the defendant. The jury saw and heard the defendant as a witness in her own behalf. The charge of the learned judge who presided was clear and fair and I see no good reason to interfere with the verdict. The fact that the principal witness for the People presided in the same County Court in the trial of a case preceding this one at the same term, I do not think was a circumstance which could have had any weight with the jury, nor is it legal cause for reversal.

I think the judgment should be affirmed.

All concurred, except MERWIN, J., dissenting.

Judgment affirmed